HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALEXANDER FRIEDMANN,

Plaintiff,

v.

STATE OF WASHINGTON, et al,

Defendants.

Case No. 09-mc-05029-RBL

ORDER

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (IFP) [Dkt. #1]. Plaintiff's proposed "Criminal Complaint" is eighty-three pages long and asserts an overwhelming thirty-four claims. [Dkt. #1, Exh. 1, 2]. Plaintiff's claims, both civil and criminal, arise out of an incident in which Plaintiff was arrested for impersonating a police officer. *Id.* Plaintiff asserts that Defendants violated state and federal criminal statutes in connection with that incident. *Id.* He also seeks relief under 42 U.S.C. § 1983 for violation of his 4th Amendment rights, and under state law for negligent supervision and hiring, negligent infliction of emotional distress, defamation, libel, and slander. *Id.* The Court finds that Plaintiff's complaint is too long, and declines to rule on Plaintiff's IFP until Plaintiff amends his complaint.

To the extent that Plaintiff seeks to bring criminal charges, he cannot. It is well settled that private citizens may not bring criminal charges, nor may they petition the federal courts to compel the criminal prosecution of another person. *See Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985). Thus, Plaintiff should omit any criminal claims from his amended complaint.

1    To the extent that Plaintiff seeks to bring civil claims under 42 U.S.C. § 1983 and state tort law, Plaintiff must amend his complaint to provide a "short and plain statement" of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a). To state a claim under 42 U.S.C. § 1983, Plaintiff must simply demonstrate that each defendant was acting under the color of state law, and that the defendant's conduct deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or by federal law. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L. Ed. 2d 420 (1981). Plaintiff need not set out in detail the facts upon which he bases this claim; to the contrary, he need only give a defendant fair notice of what the claim is, and the grounds upon which it rests. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), *quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).

Therefore, it is hereby **ORDERED** that Plaintiff shall amend his complaint to include a short and plain statement demonstrating that he is entitled to relief under his 42 U.S.C. § 1983 and state law tort claims. Plaintiff shall amend his complaint no later than twenty-one days from the date of this Order. Upon review of Plaintiff's amended complaint, the Court will consider Plaintiff's IFP application.

Dated this 5th day of February, 2010.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE